advice in relation thereto; and it is further ordered that respondent shall comply with the provisions of this Court's rule (22 NYCRR 806.9) regulating the conduct of suspended attorneys.

FOURTH DEPARTMENT, JULY, 1998

(July 8, 1998)

■ In the Matter of KISHOR PATEL-FREDONIA MOTEL, INC., Appellant, v TOWN OF POMFRET et al., Respondents. (Appeal No. 1.) [675 NYS2d 732] —Order unanimously affirmed without costs. Memorandum: Petitioner commenced these consolidated proceedings pursuant to article 7 of the Real Property Tax Law challenging as excessive respondents' assessments of its property for the 1994 and 1995 tax years. At trial, petitioner presented evidence of the sale of the subject property in 1992, along with the appraisal of an expert utilizing the three traditional methods for determining market value: comparable sales, capitalization of income and reproduction cost less depreciation (see, Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356, rearg denied 81 NY2d 784). Respondents also presented an expert's appraisal utilizing the same methods. Supreme Court did not adopt the valuation of either appraiser, but reduced the assessments in accordance with its own calculation of market value.

We reject petitioner's contention that the court erred in declining to make further reductions in the assessments (see, Matter of 50 Overlook Assocs. v Finance Admin., 72 AD2d 131, 135). Although "a recent sale of the subject property between a seller under no compulsion to sell and a buyer under no compulsion to buy" is ordinarily the best evidence of value (Matter of Allied Corp. v Town of Camillus, supra, at 356), the significant and unexplained disparity between the purchase price of the subject property and the prices of comparable properties in the area supports the court's determination that the 1992 sale of the subject property was abnormal (see, Grant Co. v Srogi, 52 NY2d 496, 511). The court's reliance on the comparable sales approach, indicating a value confirmed by the cost approach, was reasonable. (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—RPTL.) Present— Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ In the Matter of KISHOR PATEL-FREDONIA MOTEL, INC., Appellant, v TOWN OF POMFRET et al., Respondents. (Appeal No.

2.) [675 NYS2d 732] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a]). (Appeal from Order of Supreme Court, Chautauqua County, Gerace, J.—New Trial.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ In the Matter of BRIARWOOD BUILDERS, INC., et al., Respondents, v WILLIAM SHEARER, as Administrator of Village of Webster, et al., Appellants. [674 NYS2d 595] —Judgment unanimously reversed on the law without costs, motion denied and matter remitted to Supreme Court for further proceedings in accordance with the following Memorandum: Supreme Court erred in failing to permit respondents to answer the petition and in *sua sponte* granting the petition. The act that petitioners seek to compel, the certification that the Village of Webster will furnish an adequate and satisfactory water supply to a proposed subdivision located in the Town of Webster, is not purely ministerial, but rather, involves the exercise of discretion. Thus, this proceeding is in the nature of mandamus to review rather than mandamus to compel (*see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs.,* 77 NY2d 753, 757-758; *Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16), and the issue is whether the action of respondents, in withholding the requested certification, was arbitrary and capricious or affected by an error of law (*see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., supra,* at 758; *Matter of County of Wyoming v Division of Criminal Justice Servs.,* 83 AD2d 25, 28). We therefore remit this matter to Supreme Court to permit respondents to answer the petition (*see,* CPLR 7804 [f]) and to conduct a trial, if necessary, on that issue (*see,* CPLR 7804 [h]). (Appeal from Judgment of Supreme Court, Monroe County, Calvaruso, J.—CPLR art 78.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.

■ CYNTHIA TRAVERS et al., Appellants, v DIANE L. ROWLES et al., Respondents. [690 NYS2d 845] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Koshian, J. (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.

■ TIMOTHY E. WASKIEWICZ et al., as Coadministrators of the Estate of JANE L. WASKIEWICZ, Deceased, et al., Appellants, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Respondent. [675 NYS2d 733] —Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: